UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>555 Fourth St., N.W.<br>Washington, D.C.  20530<br><br>     Plaintiff,<br><br>  v.<br><br>ONE 2001 CHEVROLET TAHOE<br>AUTOMOBILE, VIN NUMBER<br>1GNEK13T81J234532<br><br>    and<br><br>$12,237.00 IN UNITED STATES CURRENCY,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint to commence a civil action *in rem* for the defendant properties' forfeiture to plaintiff.  As grounds wherefore, plaintiff respectfully states as follows:

**NATURE OF THE ACTION AND DEFENDANT *IN REM***

  1. This is a civil action *in rem* to condemn and forfeit to the use and benefit of plaintiff United States of America the defendant personal properties of a Chevrolet Tahoe vehicle, bearing Vehicle Identification Number ("VIN") 1GNEK13T81J234532, and $12,237.00 in U.S. currency. Police seized the defendant currency from the Tahoe vehicle's driver and owner, Mr. Shaun Anthoni Robinson ("Mr. Robinson"), and from inside the defendant Tahoe vehicle in the course of Mr. Robinson's arrest in Washington, D.C., on October 25, 2006.

2.      Plaintiff brings this action pursuant to Title 21, United States Code, Sections 881(a)(4) and 881(a)(6).  Section 881(a)(4) declares to be subject to forfeiture "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport in any manner, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances and related property in violation of the law commonly known as the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*  Section 881(a)(6) declares to be subject to forfeiture "all moneys . . . or other thing of value furnished or intended to be furnished by any person in exchange for a controlled substance" in violation of the Controlled Substances Act, and "all proceeds traceable to such an exchange, and all moneys, . . . used or intended to be used to facilitate any violation" of the Controlled Substances Act.

### JURISDICTION, VENUE, AND GOVERNING LAW

3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395, because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The properties to be forfeited now are located in the District of Columbia in the control of an agency of the United States Government.

4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, in particular

Rule G, and the Federal Rules of Civil Procedure. The defendant properties are properly joined in this civil action under Rule 20(a) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

5. On Wednesday, October 25, 2006, at about 5:15 p.m., sworn officers of the United States Park Police ("USPP") conducted a traffic stop on a Chevrolet Tahoe vehicle being driven by Shaun Anthoni Robinson near the 300 block of 33rd Street, S.E., by its intersection with DuBois Place, S.E., in Washington, D.C. Ennis Ronald White was the only passenger at the time of the traffic stop.

6. At the beginning of the traffic stop, Mr. Robinson claimed ownership of the Tahoe vehicle, but he could not produce its vehicle registration when asked for it. During the course of the traffic stop, a police officer smelled marijuana inside the vehicle.

7. Police asked Mr. Robinson to get out of the Tahoe. A short time after Mr. Robinson did so, he began fighting with the Park Police officers conducting the traffic stop. The fight ended when the officers subdued Mr. Robinson and were able to arrest him.

8. A police officer searched Mr. Robinson and seized about eight grams of crack cocaine from the pocket of the pants that Mr. Robinson was wearing.

9. When police searched Mr. Robinson further, an officer seized a $100 bill found in Mr. Robinson's sock. Police seized about $870 in cash from one of Mr. Robinson's pockets.

10. USPP officers then searched Mr. Robinson's Tahoe automobile. In or near the vehicle's center console, police found about 50 grams of marijuana.

11. In searching the area of the center console, police also found in or near it bundles of cash bills and some paper money lying about loose, which totalled about $1265. Almost all of the

money at the console was packaged in bundles of about a few hundred dollars each.

12. Additionally, police found a "foot locker" bag on the Tahoe's rear passenger floor board. Inside this bag was a total of $10,000 in cash, which was packaged in ten bundles of $1000.

13. The total of all of this cash, which police seized, was $12,237.00, and it constitutes the defendant U.S. currency in this action.

14. Police also seized Mr. Robinson's Tahoe vehicle, which is the defendant automobile in this action. This vehicle was a Chevrolet Tahoe with VIN 1GNEK13T81J234532 and Maryland license plates M746-193. Title to this vehicle is in the name of Shaun Anthoni Robinson.

15. Thereafter, a grand jury indicted Mr. Robinson on one count of unlawful possession of cocaine with intent to distribute it and one count of unlawful possession of marijuana with intent to distribute it, both in violation of D.C. Code § 48-904.01(a)(1). Mr. Robinson also is charged with two counts of an assault crime against two police officers involved in his arrest. Mr. Robinson is facing trial on these charges in the Superior Court of the District of Columbia in case number 2006CF2023781.

16. Records kept by law enforcement agencies show that police have arrested Shaun Antoni Robinson five times in the District of Columbia since 1996. On or about August 5, 1999, police arrested Mr. Robinson near the 3300 block of DuBois Street, S.E., Washington, D.C., on a charge of unlawful possession of marijuana with intent to distribute it. On or about August 8, 2001, police arrested Mr. Robinson in northwest Washington, D.C., on a charge of unlawful possession of marijuana with intent to distribute it.

17. At the time of his arrest on October 26, 2007, Mr. Robinson was on post-conviction supervision as part of a sentence for a previous criminal conviction in Washington, D.C.

18.    Following Mr. Robinson's arrest, USPP officers transmitted the matter of the $12,237 cash seized from the Tahoe vehicle to the Federal Bureau of Investigation ("FBI") for administrative forfeiture. After this, the FBI began the process for administrative forfeiture of the Tahoe vehicle and $12,237.00 in currency and gave notice to Mr. Robinson.

19.    On or about February 28, 2007, the FBI received a claim of ownership of the defendant properties from Mr. Robinson. In claiming these properties and asking for their return, Mr. Robinson said that the currency was the proceeds from the refinancing of real property.

20.    Mr. Robinson gave the FBI a copy of a check dated September 1, 2006, in the amount of $32,203.39 from an escrow company. Mr. Robinson provided the FBI a bank statement showing a deposit of $32,203.39 into a bank account held in his name. Mr. Robinson also gave the FBI copies of three cheques drawn on this account and made out to himself as the payee, which were in the amounts of $7,000.00, $5,000.00, and $7,500.00.

21.    With these documents, Mr. Robinson was stating that the $12,237.00, which police seized on October 25, 2006, was money Mr. Robinson had acquired as a result of refinancing a house. The FBI denied Mr. Robinson's request to return the Tahoe vehicle and the cash to him.

22.    After receiving Mr. Robinson's claim to the defendant properties, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

## COUNT ONE

1.    The factual statements made in paragraphs 1 through 22 are re-alleged and incorporated by reference herein.

2.    The defendant property, a Chevrolet Tahoe vehicle, VIN 1GNEK13T81J234532, is a conveyance and vehicle, which was used, or was intended for use, to transport in any manner, or

in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act.

    3.    As such, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT TWO

    1.    The factual statements made in paragraphs 1 through 22 are re-alleged and incorporated by reference herein.

    2.    The defendant property, $12,237.00 in U.S. currency, is money or other thing of value furnished or intended to be furnished by any person in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act.

    3.    As such, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff prays that, as to the above-referenced defendant property, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

    Respectfully submitted,

    _/s/_____
    JEFFREY TAYLOR
    UNITED STATES ATTORNEY
    District of Columbia Bar No. 498610

                                                                                       /s/_____  
WILLIAM R. COWDEN  
Assistant United States Attorney  
District of Columbia Bar No. 426301

                                           /s/_____  
BARRY WIEGAND,  
Assistant United States Attorney  
District of Columbia Bar No. 424288  
555 4th St., N.W., Room 4818  
Washington, D.C. 20530  
(202) 307-0299

## **VERIFICATION**

I, Caroline Duvall, an Special Agent of the Federal Bureau of Investigation, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

Executed on this 25th day of May, 2007.

        /s/_____
        Caroline Duvall,
        Special Agent,
        Federal Bureau of Investigation

07-978
ESH
E

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 8
(EXCEPT IN U.S. PLAINTIFF CASES) 11001

## DEFENDANTS
One 2001 Chevrolet Tahoe, Automobile, VIN Number 1GNEK13T81J234532 and $12,237.00 in U.S. Currency

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Barry Wiegand    (202) 307-0299
William R. Cowden
Assistant U.S. Attorneys
555 4th St., NW, Rm. 4818, WDC 20530

Case: 1:07-cv-00978
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/25/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF [FOR DIVERSITY CASES ONLY]

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

### ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☒ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. §881(1)(6), which provides for the forfeiture of all moneys...or things of value furnished or intended to be furnished in exchange for a controlled substance.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 5/25/07  SIGNATURE OF ATTORNEY OF RECORD  Barry Wiegand    JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.